Bockes, J.
This is a motion for leave to renew a former motion for a new trial, on the ground of newly-discovered evidence, and that such motion be now granted.
The former motion was made at special term, and denied. Thereupon an appeal was taken to the general term, where the order was affirmed, and this latter order was affirmed on appeal in the court of appeals.
The motion was denied at the special term, and also at the general term of this court, on the ground that the newly-discovered evidence was merely cumulative.
In the court of appeals an affirmance of the order was granted, on the ground that there was no affidavit by the witnesses, who, it was claimed, would give the additional evidence relied on, stating that they were ready to swear to the facts constituting *116 the newly-discovered evidence. The affidavits of those witnesses are now produced.
I. The first question here to be considered is, whether leave to renew the motion should be granted. I am persuaded that the court should not permit a mere technicality to preclude the hearing of this motion on the merits. The ground of the decision in the court of appeals was not suggested by counsel in .that court, nor'was it urged in the court below. The motion was allowed by counsel to stand on the question whether the evidence alleged to have been newly-discovered, was or was not cumulative; and the decisions in the supreme court were made on consideration of that question only. Had the objection taken by the court of appeals been urged originally at special term, undoubtedly the count would have denied the motion without prejudice to its renewal, or have allowed the motion to be renewed on application for that purpose. This point having been sprung upon the party on the last decision, without suggestion by counsel even, I think he should be allowed to stand in the same position as if it had been urged against him successfully at special term in the first instance. The case, however, stands now on a different state of facts from those presented on the former motion, or rather on a fuller statement of facts. The defect which controlled the ultimate decision on the former motion is now cured, and in this view it may be considered a new and original motion. At all events, I am satisfied that it would not accord with a just sense of propriety, or be deemed a fair exercise of discretion, to refuse to the party a hearing of the motion on the merits, as regards this objection, as the case is presented here on the papers.
II. It is urged against a renewal of this motion that the costs of the former motion remain unpaid. This objection is addressed to the discretion of the court, and will generally prevail when it is made to appear that the party seeks to avoid payment—or is insolvent—or has no property within the jurisdiction of the court, from which payment may be obtained through the ordinary appliances of the law. But neither of these difficulties are here suggested. This objection to the renewal of tin motion, therefore, should not be allowed.
III. It is insisted by the counsel who opposes the motion— and this was urged on the former motion—that the allege! *117 newly-discovered evidence is merely cumulative. If this be so, the motion should be denied on the merits, for it is the unquestioned rule of law, that a new trial will not be granted on the ground of newly-discovered evidence, when such evidence is merely cumulative. Ho citation of authorities is necessary in support of this proposition. It is urged by the opposing counsel that it has been decided in this case, and on substantially the same facts, that the evidence set forth as newly-discovered was merely cumulative, and that such decision has not been reversed, overruled or shaken by any subsequent decision. If this be so, I am concluded here, at special term, by such adjudication, and am not at liberty to hold otherwise. If on examination -of the facts I should arrive at the conclusion that the decision was erroneous, it must stand as the law of the case until reversed. It is true, as I believe, that the court both at special and general term adjudicated that the evidence was cumulative. This stands as a settled fact on the papers. Has this decision been reversed ? The order of the supreme court was affirmed in the court of appeals.
Without going behind the order of the latter court, it would be presumed that the decision of the supreme court was right on the questions discussed and decided by it. But it is made to appear before me that the judgment of affirmance in the court of appeals was based on a defect in the moving papers, and that the court did not pass on the question whether or not the evidence was cumulative. It is made to appear before me that the court decided to affirm the order appealed from, upon the ground that “ the plaintiff’s papers in support of the motion did not contain the affidavit of the witnesses, who, it was claimed, would give the additional evidence relied on, stating that they were ready to swear to the facts claimed to be newly-discovered, without passing upon any other point.” As to this the court were unanimous, and no other question was decided (See opinion of JudgeDsma, with Reporter s statement, sitpra, 111). This opinion and certificate was read on the motion. The fact appears, that the question whether or not the evidence was cumulative, was not passed upon by the court of appeals. This being so, there has been no reversal of the decision of this court, declaring that the alleged newly-discovered evidence was cumulative. As above stated, it appears distinctly that this question *118 was not determined by the court of appeals, although it was discussed by the judges on consultation, and by Judge Denio in a written opinion, in which he arrives at the conclusion that the evidence was not cumulative.
It is said that this motion stands on other facts than did the former, besides those introduced to meet and cover the defects held to be fatal by the court of appeals. But on examination it will be readily perceived that the new facts are of the same character and belong to the same class with those formerly relied on; hence, the case is not relieved from the binding force of the former decision declared by this court at general term, which, as we have seen, has not been overruled or reversed.
It will not do for me, at special term, to override the adjudication of this court made at general term. Whatever might be my convictions of its correctness, I owe the decision respect and obedience. I must adhere to it as already pronounced until overruled or reversed by the court of appeals, or by this court at general term, on a reconsideration of the question.
The motion must be denied.